IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN JENSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11 C 2785 |
| | ) |
| CALUMET CARTON COMPANY, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to compel arbitration. For the reasons stated below, the motion is granted.

### BACKGROUND

Plaintiff Steven Jensen (Jensen) was allegedly employed in August 2002 as a line worker by Defendant Calumet Carton Company Inc. (CCC). Jensen contends that in February 2009, Franciso Romero began to sexually harass Jensen by showing him nude photos, making lewd comments to him, and touching him. Jensen contends that he was subjected to a hostile work environment. Jensen brought the instant

1

action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.* and includes in his complaint a hostile work environment claim. Defendants move to compel Jensen to proceed in arbitration.

## LEGAL STANDARD

The Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.* provides "that a written provision in any contract evidencing an intent to settle by arbitration any future controversy arising out of such contract shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *French v. Wachovia Bank*, 574 F.3d 830, 834 (7th Cir. 2009)(internal quotations omitted)(quoting *Livingston v. Assocs. Fin., Inc.,* 339 F.3d 553, 556 (7th Cir. 2003) and 9 U.S.C. § 2). A party can bring an action in federal court to compel an opponent to submit to arbitration pursuant to 9 U.S.C. § 4. A court "will compel arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Service Workers Intern. Union v. TriMas Corp.*, 531 F.3d 531, 536 (7th Cir. 2008)(internal quotations omitted). When an arbitration agreement contains a broad arbitration provision, "there is a presumption in favor of arbitrability," and that "[a]ny

ambiguities as to the scope of the arbitration clause are resolved in favor of arbitration." *Id.* (internal quotations omitted) ; *see also Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Intern., Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993)(stating that the Court should "[b]ear[] in mind the Supreme Court's instruction that 'any doubt concerning the scope of arbitrable issues should be resolved in favor of arbitration'")(quoting in part *Moses H. Cone Mem. Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1985)); *Miller v. Flume*, 139 F.3d 1130, 1136 (7th Cir. 1998)(stating that "once it is clear the parties have a contract that provides for arbitration of some issues between them, any doubts concerning the scope of the arbitration clause are resolved in favor of arbitration").

## DISCUSSION

Defendants argue that as a production employee for CCC, Jensen was bound by the terms of the collective bargaining agreement (CBA) between CCC and South Holland, Illinois and Graphic Communications Conference/ International Brotherhood of Teamsters Local 415 (Union). Defendants contend that the CBA prohibits discrimination based on sex and that employees that want to seek redress for a violation of that provision must first pursue a grievance process and seek arbitration before bringing a civil action.

I. Waiver of Statutory Rights

Jensen argues that a union cannot waive in a collective bargaining agreement an employee's rights provided in Title VII. Jensen cites *Lawrence v. Jewel Food Stores, Inc.*, 2006 WL 1005068 (N.D. Ill. 2006) for his position contending that *Lawrence* is "[t]he most analogous and comprehensive case . . . [in this] district directly on point. . . ." (Ans. 4). However, *Lawrence* is not controlling precedent. *Lawrence* was also decided before the United States Supreme Court's ruling in *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009). In a collective bargaining agreement, an employee can waive certain rights under an anti-discrimination statute such as Title VII as long as the agreement to waive such rights is "explicitly" stated in the collective bargaining agreement and "clearly and unmistakably requires union members to arbitrate" claims. *Id.* at 1465-66, 1474.

II. Signature on CBA

Jensen argues that he did not personally sign the CBA and therefore is not bound by its provisions. However, Defendants have presented evidence showing that the CBA was entered into by CCC and the Union and the terms of that CBA. Jensen does not dispute that he worked for CCC in a position covered by the bargaining unit represented by the Union. *14 Penn Plaza LLC*, 556 U.S. at 1456,

4

1464 (stating that a union can negotiate rights relating to employee's rights under anti-discrimination statutes and "[n]othing in the law suggests a distinction between the status of arbitration agreements signed by an individual employee and those agreed to by a union representative"). Jensen has not cited any precedent requiring an employee to have personally signed a CBA to be bound by that CBA. Thus, the fact that Jensen did not personally sign the CBA does not mean that he is not bound by the CBA.

III. Date for CBA

Jensen contends that it is only alleged by Defendants that CCC and the Union entered into the CBA. Jensen argues that the "exact date in January [2009] is conspicuously missing." (Ans. 2). However, the CBA documents provided by Defendants specifically state that the CBA was to remain in effect from May 1, 2008 to April 30, 2011. (Mot. Ex. A 1). Thus, Jensen has not shown that any irregularities as to the date of the CBA render it unenforceable.

IV. Handbook Reference to CBA

Jensen also argues that there was no reference to the CBA in his employee handbook at CCC (Handbook). However, the Handbook specifically provides that it

did not change the terms of the CBA and also provides: "If there are any discrepancies between this handbook and the Collective Bargaining Agreement, the Collective Bargaining Agreement will prevail." (Reply Ex. A 1, 19). Thus, Jensen has not shown that he is not bound by the CBA due to any omission in the handbook.

V.  Clear Waiver of Rights in Arbitration Provisions

Jensen also contends that there is no clear and unmistakable waiver of rights in the CBA. The CBA provides the following:

> Any grievance which remains unsettled after having been fully processed under the grievance procedure set for in Article 9 . . . shall be submitted to arbitration upon the request of the Union providing such request is made within forty-five (45) days after the final decision of the Company has been given to the Union. A grievance is defined as any dispute or controversy involving wages, hours or working conditions and arising out of the interpretation of, the application of or compliance with the terms of this Agreement, or over any disciplinary action taken by the Company.

(Mot. Ex. A Art. 20, Sec. 1). Jensen contends that the CBA does not include language that refers to a violation of federal or state law. However, the CBA refers to "any dispute or controversy . . .involving . . . working conditions and arising out of the interpretation of the application of or compliance with the terms of this Agreement. . . ." (Mot. Ex. A Art. 20, Sec. 1). The CBA specifically prohibited discrimination against an employee because of the employee's sex. (Mot. Ex. A Art.

6

4). Thus, the CBA explicitly informed Jensen of his agreement to arbitrate claims such as the claims in the instant action. Jensen's claims in this case relate to his work conditions and to alleged discrimination based on his sex. The CBA contains a clear and unmistakable provision requiring Jensen to proceed in arbitration with such claims. Jensen also argues that the CBA language is similar to the language found insufficient in *Lawrence*. However, as indicated above, *Lawrence* is not controlling precedent and *Lawrence* was decided before *14 Penn Plaza LLC*. The waiver of rights provided in the CBA is sufficient under the standard set forth in *14 Penn Plaza LLC*. 556 U.S. at 1465-66, 1474; *see also e.g., Cardine v. Holten Meat, Inc.*, 2010 WL 5014327, at *2 (S.D. Ill. 2010)(holding that arbitration provision in collective bargaining agreement that protected against sex discrimination was clear and unmistakable). Although the CBA does not specifically reference Title VII or violations of federal law, Jensen has not cited any controlling Seventh Circuit precedent since *14 Penn Plaza LLC* that requires such specific details in order to satisfy the standard in that case. Therefore, based on the above, Defendants' motion to compel arbitration is granted.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to compel arbitration is granted and the instant action is dismissed without prejudice.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   October 25, 2011